# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

WILLIAM C. ECKERFIELD, JR.    )
      Plaintiff,              )
                            )    Case No. _____

vs.                         )
                            )

NCO FINANCIAL SYSTEMS, INC.    )
a Pennsylvania Corporation,      )
      Defendant.           )    **JURY TRIAL DEMANDED**
_____/   )

## COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES AND DEMAND FOR JURY TRIAL

### I.    INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), and the Florida Consumer Collection Practices Act (hereinafter "FCCPA"), Fla. Stat. § 559.55 et seq. These laws prevent debt collectors from, *inter alia*, engaging in abusive, deceptive, and unfair collection practices.

### II.    JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337, and 1367.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(d).

### III.    PARTIES

4. Plaintiff, William C. Eckerfield, Jr. (hereafter "Plaintiff"), is an adult individual and citizen of the state of Florida.

5. Defendant NCO Financial Services (hereinafter "Defendant") is a corporation with its principal place of business located in Horsham, Pennsylvania.

6.     At all times mentioned herein, the agent(s) and employee(s) of Defendant acted within the course and scope of such agency or employment, and acted with the consent, permission, and authorization of Defendant.

## IV.     FACTUAL ALLEGATIONS

7.     The following events relate to communications and attempts by Defendant to collect from Plaintiff an alleged consumer debt originally owed to Capital One Bank, N.A. by Plaintiff's son, William Eckerfield, III, in the amount of $682.29.

8.     At all times mentioned herein, Plaintiff's son did not reside with him.

9.     On or about January or February 2011, Defendant called Plaintiff and asked to speak with his son. The Plaintiff informed the caller that he was the father of the individual and gave the caller the son's current address.

10.     On or about May 2011, Defendant began calling Plaintiff again, even though Plaintiff had already provided correct contact information for the son.

11.     On or about August 2011, Defendant once more resumed calling the Plaintiff.

12.     On or about November 2011, Defendant called Plaintiff. Plaintiff informed him that he was not the individual that owed the debt and that Defendant was communicating with the wrong person.

13.     The Defendant stated that it would cease calling Plaintiff and remove his home phone number from its system,

14.     Despite the previous statement, NCO began calling Plaintiff on a regular basis, between 2-3 times per day[1], and, based on information and belief, was attempting to collect the son's debt from Plaintiff.

15.     As a direct, proximate, and foreseeable result of Defendant's acts and omissions, Plaintiff has suffered from stress, migraine headaches, and emotional distress.

---

[1] Plaintiff's Caller ID identified the calls as originating from NCO.

16. As a direct, proximate, and foreseeable result of Defendant's acts and omissions, Plaintiff has suffered from stress, migraine headaches, and emotional distress.

## V.      COUNT I – FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

17. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 16.

18. Defendant is an entity who uses the instrumentalities of interstate commerce in its business, the principal purpose of which is the collection of debts, and who regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

19. The alleged obligation to Capital One Bank, owed by Plaintiff's son, was incurred for personal, family, or household purposes and is therefore a "debt" as that term is defined in 15 U.S.C. § 1692a(5).

20. Defendant's repeated communications with Plaintiff which, based on information and belief, were not made with the intent of obtaining location information about Plaintiff's son, constitute violations of 15 U.S.C. § 1692c(b), and Plaintiff was injured by said violations.

21. Even if Defendant was legitimately attempting to obtain location information about Plaintiff's son, Defendant violated 15 U.S.C. § 1692b(3) by communicating with the Plaintiff more than once.

22. The repeated telephone calls averaging 2-3 times per day, including Sunday, constitute harassment or abuse in violation of 15 U.S.C. § 1692d(5).

23. Defendant's statement that it would remove Plaintiff's number from its system and would cease calling him was a misrepresentation in violation of 15 U.S.C. § 1692e.

24. Defendant's attempts to collect Plaintiff's son's debt from Plaintiff constitute an unfair practice in violation of 15 U.S.C. § 1692f(1).

25. As a result of the above violations of the FDCPA, Defendant is liable under 15 U.S.C. § 1692k to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs, and attorney's fees.

## VI.    COUNT 2 – FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA)

26.    Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 16.

27.    The alleged obligation that Defendant was attempting to collect from Plaintiff was incurred by Plaintiff's son for personal, family, or household purposes and is therefore a "consumer debt" as that term is defined in Fla. Stat. § 559.55(1).

28.    The foregoing acts and omissions of Defendant and its agents constitute violations of the Florida Consumer Collection Practices Act (FCCPA), including, but not limited to, Florida Statutes §§ 559.72(7) and (9)

29.    Defendant either: (a) knowingly participated in the wrongful conduct of its employees; or (b) Defendant's officers, directors, or managers knowingly condoned, ratified, or consented to the employees' wrongful conduct and/or knew in advance that Defendant was likely to conduct itself and allowed to so act with conscious disregard of the rights and safety of others. The conduct of Defendant alleged herein was intentional, knowing, despicable, fraudulent, oppressive, and done with malice and without cause.

30.    Defendant's violations of the Florida and Federal law were intentional and/or grossly negligent. In addition to the flagrant and repeated violation of federal and state laws regulating collection activities described above, Defendant, based on information and belief, routinely, systematically, and purposely communicates with and harasses the family members of debtors in order to coerce them into paying the debt or embarrassing the debtor into paying the debt.

31.    The gross negligence of Defendant in failing to properly train and supervise its employees, as required by federal and state law, also contributed to the loss, damages, and injury suffered by Plaintiff.

32.    Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Defendant described herein, Plaintiff is entitled to an award of punitive damages in accordance with Florida Statutes §§ 559.77 and 768.72.

33.    As a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FCCPA, and Plaintiff's actual damages, punitive damages, statutory damages, costs, and attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE,** PLAINTIFF respectfully prays that judgment be entered against DEFENDANT for the following:

- Declaratory Judgment that Defendant's conduct violated the FDCPA and FCCPA;

- Actual damages to be determined at trial;

- Statutory damages pursuant to Fla. Stat. § 559.77 and 15 U.S.C. § 1692k;

- Punitive damages pursuant to Fla. Stat. § 559.77;

- Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Fla. Stat. § 559.77;

- Such other and further relief as may be just and proper.

Respectfully Submitted,

Dated: _____

[ ] Alan C. Ewbank, Esq.
Florida Bar No.: 0191752
[ ] Christopher A. Ewbank, Esq.
Florida Bar No.: 0073494
ALAN C. EWBANK, P.A.
Attorneys for the Debtors
10760 W. Bloomingdale Ave.
Riverview, FL 33578
Telephone: (813) 661-6666
Fax: (813) 661-6669
Email: aceatty@aol.com

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff demands trial by jury in this action.

Alan C. Ewbank, Esquire